# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-184-R |
| | ) | |
| CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed this action challenging the decision of the Commissioner denying his application for disability benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On December 22, 2015, Judge Mitchell issued a Report and Recommendation wherein she recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on the Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Plaintiff was previously found to be disabled and entitled to a period of disability benefits from February 2, 2009 until July 22, 2010. AR. 74. Thereafter, on November 29, 2010, Plaintiff filed the instant application alleging an onset date of November 23, 2010. The administrative law judge determined that at step two of the five step sequential analysis,

Plaintiff suffered from the severe impairments of chronic obstructive pulmonary disease and obesity. AR. 22. He found non-severe impairments as follows: history of coronary artery disease (CAD) status post stents; possible rotator cuff tear; status post hernia repair, hypertension; hyperlipidemia; gastroesophageal reflux disease (GERD); status post cholecystectomy; cervical spine spasm and depressive disorder. AR. 24. At step three, the administrative law judge determined Plaintiff did not have a listed impairment. AR. 28. At step four, the administrative law judge opined that Plaintiff retained the residual functional capacity to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; to stand and/or walk for six hours total during an eight-hour workday; and to sit for six hours total during an eight-hour workday. AR. 28-29. The administrative law judge found Plaintiff must avoid concentrated exposure to dust, fumes, gases and poor ventilation. Because Plaintiff could perform medium work, the category defined by the above-listed weight limits, he noted that Plaintiff could also perform light and sedentary work. AR. 29. As a result the administrative law judge concluded Plaintiff could not perform his past relevant work as a heavy truck driver and semi-truck driver. AR. 33. At step five, the administrative law judge concluded there were a significant number of jobs in the national or regional economy that Plaintiff could perform after utilizing the grids as a framework and considering the testimony of the vocational expert. AR. 34.

      The Appeals Council denied Plaintiff's request for review, and therefore, the administrative law judge's decision is the final decision of the Commissioner. The Court reviews the decision of the Commissioner to "determine whether the factual findings are

supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 140 (10th Cir. 2010).

In his objection to the Report and Recommendation Plaintiff challenges the administrative law judge's assessment of his residual functional capacity, which he contends ignored the implications of the possible rotator cuff tear documented in the medical evidence of record. Plaintiff contends he cannot perform medium work because, contrary to the administrative law judge's findings, he cannot meet the lifting requirements for such work as a result of his shoulder injury. Plaintiff notes the administrative law judge concluded his shoulder impairment was not severe, but that even non-severe impairments must be considered as part of a residual functional capacity analysis.[1]

To assess a claimant's residual functional capacity, an administrative law judge must consider the combined effects of both severe and non-severe impairments. *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013). Pursuant to 20 C.F.R. § 404.1545(e), an administrative law judge must consider all medically determinable impairments when assessing a claimant's ability to meet the demands of work despite his impairments. 20 C.F.R. § 404.1545. Plaintiff complained in his Brief in Chief:

---

[1]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521. Examples of basic work activities include "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching carrying, or handling." *Id.* A claimant must demonstrate that there is more to the impairment than "mere presence of a condition or ailment." *Bronson v. Astrue*, 530 F.Supp.2d 1172, 1176 (D.Kan. 2008). If plaintiff's impairment does not have a serious impact on his abilities to do basic work activities, it will not be considered a severe impairment. *Id.* (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997)).

> Any man with a shoulder destroyed like the above, and without needed surgery, and where the MER reflects this man cannot even lift fifty (50) pounds, must less frequently lift twenty-five (25) pounds as the ALJ alleges. There is no support for the ALJ's RFC. It's just too much lifting. At the very least, the ALJ should have made some allowance in his RFC for diminished lifting with the left arm and overhead. People with this kind of limitation can't even reach out and hold things in front of them, much less overhead. And, we haven't even gotten to the pain from such tears.

Brief in Chief, p. 5. The Court finds that despite Plaintiff's protests to the contrary, the administrative law judge sufficiently considered Plaintiff's shoulder issues in assessing his eligibility for benefits.

At step two, the administrative law judge's set forth the evidence related to Plaintiff's shoulder injury after concluding it was a non-severe impairment. AR. 24. He noted Plaintiff's pre-onset complaints of shoulder pain in March 2010, after a fall in an ice storm, and treatment notes from June and September of that same year, including an MRI that showed partial subscarpularis tears, supraspinatus tendon tears and a tear in the infraspinatus tendon as well as a SLAP tear, joint swelling and arthritis.[2] AR. 24. He noted the December 16, 2010 report from Dr. Nagle, at which time Plaintiff denied muscle or joint pain.[3] The next complaint appears to be in August 2011, after Plaintiff had requested a hearing before an administrative law judge, and then there are no additional records referencing any such issue,

---

[2] Plaintiff asserts that the records show he needed immediate surgery on his shoulder. The Court's review of the medical records and Plaintiff's citations to the record fail to indicate any recommendation by a physician that Plaintiff undergo surgery.

[3] Indeed in Plaintiff's own Adult Function Report filed on January 11, 2011, he complained that pneumonia brought on by limestone dust limited his ability to work. He never mentioned shoulder pain. AR. 192-199.

4

although Plaintiff presented with neck and back pain in March 2012, following a motor vehicle accident.

Faced with this evidence, and the record silent as to any recommendation by any physician that Plaintiff limit his activities or have surgery for his shoulder, at the conclusion of his discussion regarding the medical evidence of record, the administrative law judge concluded:

> I find there is no evidence of record that the claimant experiences **any** work related limitations as a result of history of coronary artery disease (CAD) status post stents; possible rotator cuff tear; status post hernia repair; hypertension; hyperlipidemia; gastroesophageal reflux disease (GERD); status post cholecystectomy; cervical spine spasm and depressive disorder.

AR. 26. (emphasis added). In light of this finding, which is supported by substantial evidence, the Court concludes it was not error for the administrative law judge to omit any restrictions in this regard in assessing Plaintiff's residual functional capacity and his conclusions in that regard are supported by substantial evidence. *See Wells v. Colvin*, 727 F.3d 1061, 1065 n. 3 (10th Cir. 2013)("An ALJ could, of course, find at step two that a medically determinable impairment posed *no* restriction on the claimant's work activities.").

Plaintiff next argues that the residual functional capacity error goes hand-in-hand with the physician error. The only opinion regarding Plaintiff's ability to perform work-related activities was an undated letter from Dr. Pope, Plaintiff's treating physician. The letter stated, quite simply:

> Mr. Holland is a patient of mine. He suffers from coronary artery disease, COPD, essential hypertension, hypercholesterolemia, gastroesophageal reflux disease, and degenerative bone disease. He is followed very closely in the

5

> clinic. He is on a multitude of medications. It is my opinion that he would be unable to maintain gainful employment nor education. He recently was seen for possible rotator cuff tear and thus his condition has even deteriorated. If I can be of any further service, please contact me here at TriCity Family Clinic.

AR. 439. Plaintiff contends the administrative law judge's decision to grant this opinion little weight was improper, because the administrative law judge relied on alleged inconsistencies between the opinion and the medical evidence, which were non-existent.

When evaluating the opinion of a treating physician, an administrative law judge first asks whether the opinion is entitled to controlling weight and, if not, the administrative law judge must clearly state how much weight the opinion is being given. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). The administrative law judge herein first noted that the opinion of a treating physician that a claimant is disabled is never entitled to special significance, because such conclusion is reserved to the Commissioner. *See* SSR 96-5p. Next the administrative law judge determined that Dr. Pope's opinion was "not fully supported nor is it consistent with the medical evidence of record as a whole." AR. 32. He noted that Dr. Pope never imposed any limits on Plaintiff, that he advised him of non-medical pain relieving modalities and the potential for becoming dependent on Lortab. *Id.* The administrative law judge thereafter noted the treatment records of Plaintiff's cardiologist that surgical intervention was not required and the notes of Dr. Nagle that Plaintiff's COPD was stable three months after Plaintiff was discharged from the hospital for pneumonia. When treated at the emergency room following a motor vehicle accident in May of 2012, Plaintiff denied weakness in his upper extremities. Although Plaintiff contends the treatment records are

6

consistent with Dr. Pope's opinion, again, the administrative law judge properly noted that Dr. Pope never imposed any restrictions on Plaintiff in any capacity. Therefore, while Dr. Pope made diagnoses and treated Plaintiff for certain conditions, in doing so he never indicated Plaintiff should not lift, should not carry, should not walk or should not lift, he only opined that Plaintiff was not able to work, a decision that is reserved for the Commissioner.

At pages 7-9 of the Objection to the Magistrate's Report and Recommendation Plaintiff contends his condition was deteriorating and that the administrative law judge relied on stale records, because the evaluation of his records by the State consultative examiner pre-dated the shoulder MRI by five months. The records indicate the MRI was performed on September 3, 2010, and Dr. Woodcock reviewed the record evidence on April 12, 2011. Therefore, because Dr. Woodcock's assessment was done months after the MRS, his assessment did not rely on stale evidence. Additionally, Dr. Pope never rendered any opinion regarding Plaintiff's capacity for lifting, and therefore, Plaintiff's contention that the administrative law judge rejected credible evidence provided by a treating physician in favor of the opinions of consultative examiners is similarly without merit.

For the reasons set forth herein, the Report and Recommendation is hereby adopted and the decision of the Commissioner is hereby affirmed.

IT IS SO ORDERED this 5th day of March, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE